**FRANK KENNEDY v. KENNETH FULGHUM and U. S. FIDELITY & GUARANTY COMPANY.**

32 So. (2nd) 919                                    June Term, 1947
December 19, 1947                                       Division B

*Coe & Eggart,* for appellant.
*Watson & Brown,* for appellee.

BARNS, J.:

The deputy commissioner allowed appellant's claim under the Workmen's Compensation Statute, Ch. 440, F.S.A., which allowance was confirmed upon appeal by the full commission. Upon appeal from the full commission, the Circuit Judge reversed the full commission, which judgment the claimant appealed.

It appears that appellant-claimant, Kennedy, was an employee of the appellee and was employed for work some miles distant from the employer's downtown office; that it was the

custom for the employees to report to the downtown office at 7:00 A. M. and load equipment for transportation to the "job," and that the employees so reporting would be transported to the "job" in the truck of the appellee or would go in their own cars, and that claimant, Kennedy, on this occasion went in the car of a fellow employee, and enroute to the job was injured. The question is: Did his injury "arise out of and in the course of employment"? Sec. 440.09, F.S.A.

There is a question as to whether the claimant's-appellant's pay started when he reported to the downtown office or when he arrived at the "job," but this seems to be only evidentiary, and not decisive of the issues. Also there is a question as to whether he rode in the car of his fellow employee at the direction of the foreman or at his own election, which is not controlling.

After the claimant had reported to the downtown office, the employer, according to the usual course of affairs, was to see to it that the employees were transported to the "job." True, the employee did not avail himself of the transportation available, in his employer's truck, but rode in the car of a fellow-employee instead, which was not unusual.

Under the circumstances, transportation to the job was an advancement of the interests of the employer as well as that of the employee and, with a *liberal interpretation* of the statute, it is our conclusion that the injury did arise "out of and within the course of employment."

Reversed.

THOMAS, C. J., BUFORD and ADAMS, JJ., concur.