SEBRING, Justice.
This is a certiorari proceeding wherein the' City of St: Petersburg, seeks the review of an order of the -Florida Industrial Commission which overruled an order of a deputy commissioner and awarded workmen’s compensátion to the claimant, Myrtle Cash-man.
• There is no real dispute about the material facts in the case. The City of St. Petersburg owns the Mound Park Hospital ' and operates a cafeteria in the building. The claimant, Myrtle Cashman, went to the hospital to secure employment.- The head dietitian offered her a job as a cafeteria counter girl and told her to report for work,the following morning.
A.t the stipulated hour the claimant arrived on the premises for assignment to duty. As she was entering the hospital she' slipped and fell on an inclined concrete walkway leading into the building. After the fall, she got to her feet, went into the , hospital, reported to the dietitian, arid was assigned to the specific work for which she had been, employed. Thereafter, physical complications developed resulting from the fall, and the claimant incurred certain medical bills and suffered-some-loss of earnings.
Subsequently, Myrtle Cashman filed a claim under the Workmen’s Compensation Law. The claim was controverted by,the City of St. Petersburg on the ground that •the claimant was not actually engaged in the employment of the city at the time she was injured. - The deputy commissioner up- . held the contention of the city and entered an order denying the claim. The full com *734 mission reversed, the order of the deputy commissioner and this proceeding followed.
We have the opinion that the full commission acted correctly in reversing the order of the deputy commissioner. Under the Florida Workmen’s Compensation Law an employee is defined as a “person engaged in an employment under any appointment or contract of hire * * * express or implied, oral or written * * See section 440.02(2), Florida Statutes 1951, F.S.A. There can he no doubt that- under the facts of the case there was a valid contract of employment between the claimant and the city. In pursuance of the contract, the claimant went to the hospital for the purpose of being assigned to the specific duties she was to perform. She was on the premises when the accident occurred; and although at the time she fell she had not actually gone to work at the specific task for which she had been hired, she was certainly engaged in doing something that was necessarily incidental to such work at the time of her injury. Kasari v. Industrial Commission, 125 Ohio St. 410, 181 N.E. 809, 82 A.L.R. 1040; anno. 49 A.L.R. 424, 82 A.L.R. 1043.
 The general rule is that' an ' injury shall be deemed to have occurred in the course of “employment” if it is “sustained by a workman, on the premises of his employer, while preparing to begin the day’s work * * * or while doing other acts preparatory or incidental to the performance of his duties, which are reasonably necessary' for such purpose. * * * ” 58 Am.Jur., Workmen’s Compensation, sections 221, 223. Schneider’s Workmen’s Compensation, 3d Ed., Vol. 8, section 1716. See also Fidelity & Casualty Co. of N. Y. v. Moore, 143 Fla. 103, 196 So. 495, and Sweat v. Allen, 145 Fla. 733, 200 So. 348. In respect to acts directly incidental to the performance of an employee’s duties, there cannot be any valid distinction made, in our opinion, on the ground that the injury may have occurred on the first, rather than oii a succeeding, day’s work. Benoit Coal Mining Co. v. Moore, 215 Ala. 200, 109 So. 878; Alewine v. Tobin Quarries, Inc., 206 S.C. 103, 33 S.E.2d 81.
We think this principle sustains the ruling of the full commission, that the claimant “not only was ‘engaged in employment’ at the moment she commenced her duties for which she was hired but became engaged in employment the moment she entered the hospital premises.”
From the conclusion reached it follows that the petition-- for certiorari should be denied.
It is so ordered.
ROBERTS, C. J., and TERRELL and MATHEWS, jj., concur.