449 So.2d 984 (1984)
John GRADY, Appellant,
v.
HUMANA, INC., D/B/a Greater Orange Park Community Hospital, Inc., Appellee.
No. AR-208.
District Court of Appeal of Florida, First District.
May 11, 1984.
*985 George W. Kent, Orange Park, for appellant.
John Houser, Jacksonville, for appellee.
ZEHMER, Judge.
John Grady, the plaintiff below, appeals an order granting summary judgment for the defendant, Humana, Inc., on the ground that Grady's exclusive remedy is under the workers' compensation act, chapter 440, Florida Statutes. We reverse.
Grady, a part-time employee in the hospital operated by Humana at Orange Park, worked in the central supply room, and his hours of employment varied from 1.8 hours to 8 hours per day, one to five days per week. He was injured while eating lunch in the cafeteria operated by the hospital and sued Humana for damages in the circuit court. The hospital, after filing an answer and a demand for jury trial, moved for summary judgment on the grounds that Grady was an employee covered by chapter 440, Florida Statutes, at the time of his injury, and that chapter provides his exclusive remedy. The circuit court granted the motion for summary judgment in an order which explained the basis for its ruling.
Section 440.09(1), Florida Statutes (1981), provides workers' compensation coverage "in respect of disability or death of an employee if the disability or death results from an injury arising out of and in the course of employment." Section 440.11(1) provides that the employer's liability for such workers' compensation "shall be exclusive and in place of all other liability of such employer ... to the employee."
The test for determining whether one is an employee whose injury is covered by the workers' compensation act was set forth by the Supreme Court in Evans v. Food Fair Stores, Inc., 313 So.2d 663, 664 (Fla. 1975), as follows:
"[F]or an injury to arise out of and in the course of one's employment, [1] there must be some causal connection between the injury and the employment or [2] it must have had its origin in some risk incidental to or connected with the employment or that [3] it flowed from it as a natural consequence. Another definition widely approved is that [4] the injury must occur within the period of the employment, at a place where the employee may reasonably be, and while he is reasonably fulfilling the duties of his employment or engaged in doing something incidental to it. (Emphasis supplied)"
Whether an injured workman is an employee whose injury arose out of and in the scope of his employment is ordinarily a question of fact to be decided by the trier of fact, be that judge, jury, or deputy commissioner. E.g., Rogers v. Barrett, 46 So.2d 490 (Fla. 1950); Adams v. Wagner, 129 So.2d 129 (Fla. 1961). Accordingly, it is reversible error to grant a summary judgment in favor of an employer on grounds that chapter 440 provides the exclusive remedy to the employee where "an issue of fact exists as to whether plaintiff was in the course and scope of his employment at the time of the injury." Lemoine v. Flanigan's Enterprises, Inc., 445 So.2d 414 (Fla. 4th DCA 1984). Genuine issues of fact may arise on undisputed facts where different inferences may reasonably be drawn therefrom. Aldridge v. Yellow Cab of Gainesville, Inc., 448 So.2d 1129 (Fla. 1st DCA 1984); Gravas v. The Mackle Company, 444 So.2d 1159 (Fla. 3d DCA 1984).
The thrust of Humana's position is set forth in the conclusion to its brief on appeal:

*986 As the court below found, Grady's use of the hospital's cafeteria was actively sought by his employer, it was beneficial to his employer, and it was the only practical place for the employee to have lunch because of job conditions. It is, and ought to be, within his employment. Grady's injury is, and ought to be, covered by the Florida Workmen's Compensation Act.
This might well be correct if the material facts were not in dispute.
After a careful review of the record, however, we conclude that Humana has failed to conclusively demonstrate the absence of genuine issues of material fact regarding whether Grady's injury arose out of and in the course and scope of his employment. We find that disputed issues remain as to whether Grady was dressed in hospital garb so as to make it impractical for him to leave the hospital for lunch at the time of his injury; whether the nature of the work plaintiff was doing for the hospital on that day made it necessary for the lunch time allowed him to be taken only when the supervisor said his work was sufficiently caught up to make it practical to go to lunch; and whether the pricing of food in the cafeteria was below the market in the general area so as to encourage employees to use the cafeteria furnished by the hospital. In addition, the record reflects  but not without dispute  that the cafeteria was furnished for use by the public and hospital employees alike; that Grady, as an employee, received no discount from the prices charged members of the public for cafeteria food; that Grady ordinarily went to lunch at the same time every day; and that Grady was not required to eat on the premises but was free to eat in the cafeteria or off the premises, as he wished. These disputed facts are relevant and material to resolving the question of whether Grady's injury was covered by Florida's workers' compensation act.
Humana relies primarily on Evans v. Food Fair Stores, supra, and Naranja v. Dawal Farms, 74 So.2d 282 (Fla. 1954). Both of these cases involved determinations by the deputy commissioner, sitting as the trier of fact in workers' compensation proceedings, concerning the employee's status at the time of injury which were reversed by the Industrial Relations Commission as a matter of law. The Supreme Court concluded that it was error for the commission to treat the issues as questions of law and reinstated the deputy's decision in each case because there was sufficient evidence, although disputed, to support the deputy's finding. Accordingly, neither case supports Humana's contention that the court below should have decided this issue as a matter of law.
REVERSED and REMANDED.
MILLS and SHIVERS, JJ., concur.