463 So.2d 291 (1984)
Cheryl Sue ALOFF, Appellant,
v.
NEFF-HARMON, INC., Appellee.
No. AR-279.
District Court of Appeal of Florida, First District.
December 11, 1984.
Rehearing Denied February 7, 1985.
*292 Jeff Tomberg of Tomberg & Tomberg, Boynton Beach, and John R. Young of Hamilton, James, Merkle & Young, West Palm Beach, for appellant.
Toby S. Monaco of Dell, Graham, Willcox, Barber, Henderson, Monaco & Cates, Gainesville, and William Pierson, Gainesville, for appellee.
ZEHMER, Judge.
Cheryl Sue Aloff, plaintiff in this personal injury action, appeals a summary judgment entered for her employer, Neff-Harmon, Inc., on the grounds that the plaintiff's exclusive remedy lies under the workers' compensation law pursuant to section 440.11, Florida Statutes (1977). We reverse.
At the time of this incident, plaintiff was employed as a cocktail waitress at the Gainesville Sea Fox, a restaurant and lounge. She reported for the evening shift on December 10, 1977, punched in on the time clock around 7 p.m., and worked throughout the evening. Her normal working hours extended some fifteen to thirty minutes past the closing hour of 2 a.m. in order to permit her to finish accounting for customer checks and to put her station in order. She was not required to do any heavy cleaning after closing and was expected by the owner to be out of the premises by 2:30 a.m. It was customary for all cocktail waitresses, including plaintiff, *293 to leave together once they had finished their duties. On the night in question, plaintiff completed her work and punched out around 2:30 a.m. The other cocktail waitresses left at that time to attend a party at plaintiff's house. The manager of the bar, a personal friend of plaintiff, asked her to remain behind to talk with him, and she did so. Occasionally, employees remained after finishing their work and punching out to have a drink or socialize with one another.
The manager and plaintiff were personal friends; and on this particular evening, they talked about matters ranging from his problems with his job to problems with his girlfriend. The members of the band which had been playing in the lounge completed packing and left about 4 a.m. The manager then set the alarm to the bar's back door, turned out the lights, and handed plaintiff a key, asking her to put it in the door lock and open the door when the buzzer sounded about thirty seconds later. When told that plaintiff was unable to get the key into the lock in the dark, the manager went over and unlocked the door. Upon opening the door, the manager and plaintiff were surprised by five armed black men "right outside the door," one of whom directed the manager and plaintiff to go back inside the lounge. Plaintiff was subsequently robbed of $150, assaulted, raped by three of the intruders, and suffered serious injuries. Plaintiff sued her employer, Neff-Harmon, and others, claiming negligence regarding the use and operation of the security system installed at the restaurant, which should have notified police  but did not  in time to prevent the assault and rape of plaintiff, which occurred some twenty to thirty minutes after the intruders first entered.
The trial court granted Neff-Harmon's motion for summary judgment on the sole ground that the immunity provisions of section 440.11 limited plaintiff's remedy exclusively to benefits under the workers' compensation law. In the order, the court expressly stated that "the issue of whether an injury falls under the protective cloak of the law relating to Workers' Compensation is a question of law to be determined only by the Court, and not by a jury" (R. 591). The court concluded that there were no material disputed facts, and, relying upon Strother v. Morrison Cafeteria, 383 So.2d 623 (Fla. 1980), granted summary judgment for the employer.
In order for an employee's injury to be covered by the workers' compensation act, "the injury must occur within the period of the employment, at a place where the employee may reasonably be, and while he is reasonably fulfilling the duties of his employment or engaged in doing something identical to it." Evans v. Food Fair Stores, Inc., 313 So.2d 663, 664 (Fla. 1975). In Grady v. Humana, Inc., 449 So.2d 984 (Fla. 1st DCA 1984), reversing summary judgment on the same issue as presented here, the pertinent law was summarized at page 985 as follows:
Whether an injured workman is an employee whose injury arose out of and in the scope of his employment is ordinarily a question of fact to be decided by the trier of fact, be that judge, jury, or deputy commissioner. E.g., Rogers v. Barrett, 46 So.2d 490 (Fla. 1950); Adams v. Wagner, 129 So.2d 129 (Fla. 1961). Accordingly, it is reversible error to grant a summary judgment in favor of an employer on grounds that chapter 440 provides the exclusive remedy to the employee where `an issue of fact exists as to whether plaintiff was in the course and scope of his employment at the time of the injury.' Lemoine v. Flanigan's Enterprises, Inc., 445 So.2d 414 (Fla. 4th DCA 1984). Genuine issues of fact may arise on undisputed facts where different inferences may reasonably be drawn therefrom. Aldridge v. Yellow Cab of Gainesville, Inc., 448 So.2d 1129 (Fla. 1st DCA 1984); Gravas v. The Mackle Company, 444 So.2d 1159 (Fla. 3d DCA 1984).
Furthermore, "where the evidence before the trial court is susceptible of more than one inference, one of which will support the plaintiff's view of the facts, a summary *294 judgment for the defendant should not be entered." Burkett v. Parker, 410 So.2d 947, 948 (Fla. 1st DCA 1982). A summary judgment is appropriate only when "the facts are so crystalized that nothing remains but questions of law" and there is not the "slightest doubt" as to any issue of material fact. Harris v. Lewis State Bank, 436 So.2d 338, 340 (Fla. 1st DCA 1983).
Whether plaintiff's remaining at the lounge after completing her work and punching out on the time clock was in the scope and course of her employment, or whether her activity was, as she contends, purely a personal social undertaking beyond the course and scope of her employment, was a question of fact for the jury. Grady v. Humana, Inc., supra. In its order granting summary judgment, the trial court supported its conclusions of law by referring to portions of the evidence which indicated that plaintiff, after punching out, talked to the bar manager about "professional things that had to do with the lounge" and assisted the manager "in actually closing the business establishment" by attempting to insert the key into the door. The court apparently overlooked additional evidence showing that plaintiff's conversations with the manager primarily concerned personal matters  the manager's personal problems with the business and with his girlfriend  and that after she had punched out the plaintiff did absolutely nothing for an hour and a half to assist in closing the business except attempt to insert the key into the door lock as they were ready to depart. Although the evidence might support an inference that plaintiff was attempting "to assist in actually closing the business" when she and the manager were accosted by the criminal intruders, the evidence also supports the inferences that she was merely accommodating her friend, that plaintiff's status as an employee had ended when she punched out on the time clock, and that her subsequent activities with the manager involved purely personal matters between them (rather than matters relating to her employment duties). Moreover, plaintiff's undisputed testimony that the employer expected all waitresses to leave together after closing supports the inference that the employer had a policy, if not a rule, that such employees were not to remain at the premises after punching out. There was no factual showing by the movant that the terms of plaintiff's employment contemplated that she or other employees were authorized to remain on the premises in the course of employment after completing their work. Hence, it cannot be said as a matter of law that the plaintiff's social purpose in this case was necessarily incident to the fulfillment of the duties of her employment. These are but some of the reasonable but conflicting inferences that could be drawn from the evidence. Accordingly, it was error for the trial court to accept one of several conflicting inferences favorable to the defendant and enter summary judgment thereon against plaintiff.
The Supreme Court decision in Strother v. Morrison Cafeteria, 383 So.2d 623 (Fla. 1980), is not inconsistent with our holding. In that workers' compensation case, the claimant, a cafeteria cashier, had twice driven her car to the bank to deposit the day's receipts although that was not part of her regular duties. On the occasion in question, she had driven directly home when she was assaulted and her purse taken. The perpetrator of the assault was one of two men the claimant had observed in the cafeteria both on the evening of the assault and two days before. The Judge of Industrial Claims, sitting as the trier of fact and law, concluded that the assault and resulting injury arose out of and in the course of claimant's employment upon a finding that the assailants thought claimant was carrying cafeteria receipts. The judge reasoned that her injury was a compensable accident since her employment had exposed her to greater risk than that of a regular cashier. The Industrial Relations Commission reversed. On review, the Supreme Court reversed the Industrial Relations Commission and reinstated the order of the Judge of Industrial Claims. The Court concluded that one may prove the *295 accident occurred in the course of employment by showing that causative factors occurred during the time and within the space limits of employment. Applying that test, the Court found no error in the trial judge's conclusion that the injury arose out of claimant's employment because claimant's assailants had been on the premises "casing" the cafeteria and then followed claimant home, assaulted her, and robbed her of what they believed to be the cafeteria's monetary receipts. Although the incident occurred off the cafeteria premises fifteen or twenty minutes after claimant left work, the court reasoned, claimant's injuries were nonetheless compensable because the accident had its genesis on the business premises during working hours, which continued in an unbroken chain to the point of the assault.
The facts in Strother are distinguishable from the facts of this case. Here, the jury could find that the purpose of remaining after hours was personal to the plaintiff, in apparent controvention of her employee's rule or policy. The attack on plaintiff was not shown to have had its genesis on the premises during working hours  or even before plaintiff was supposed to have left around 2:30 a.m. The record shows only that an assault was perpetrated some one and a half hours later. Since the requirements of the rule that both time and place must relate to the reasonable fulfillment of the duties of employment are conjunctive, the fact that the attack occurred at plaintiff's place of employment is not sufficient to establish as a matter of law that plaintiff was in the course of her employment at that time. More importantly, the decision in Strother that claimant's accident arose out of and in the course of her employment was a decision on the merits made by the Judge of Industrial Claims as the trier of disputed fact. For the reasons discussed in Grady v. Humana, Inc., supra, at 986, it was inappropriate to rely on Strother as controlling authority in deciding Neff-Harmon's motion for summary judgment.
Neff-Harmon also alleged as an additional ground for summary judgment that plaintiff's injuries were the result of an unforeseeable intervening criminal act "for which appellee could not be held liable." The employer urges that even if we find the ground relied on by the trial court insufficient, nevertheless we should affirm the summary judgment upon the rule that the trial court's judgment will be upheld on any sufficient ground although the reasons given by the trial court are insufficient. Ordinarily, the question whether an intervening cause is foreseeable is for the trier of fact. Gibson v. Avis Rent-A-Car System, Inc., 386 So.2d 520, 522 (Fla. 1980); Aldridge v. Yellow Cab of Gainesville, Inc., 448 So.2d 1129 (Fla. 1st DCA 1984). The plaintiff's complaint is based in substantial part upon Neff-Harmon's negligent use of a security system installed for the purpose of preventing the kind of criminal conduct that occurred in this case. The record does not justify the granting of summary judgment for appellee on this ground.
Accordingly, the judgment for appellee is REVERSED and the case REMANDED for further proceedings not inconsistent with this opinion.
ERVIN, C.J., and BOOTH, J., concur.

ON MOTION FOR REHEARING
ZEHMER, Judge.
Appellee's motion for rehearing contends that our decision is in direct conflict with the decision in Sosa v. Knight-Ridder Newspapers, Inc., 435 So.2d 821 (Fla. 1983). Since we did not discuss that decision, we believe it would be helpful to explain why we see no conflict.
In Sosa, the plaintiff brought an action against Knight-Ridder Newspapers for the wrongful death of Jose Lanza. Jose was a news carrier for the Miami News and had executed a written contract that stated he was an employee of the newspaper under the terms of the contract. Jose was taken by a distribution manager for the newspaper to an area outside his assigned neighborhood *296 to participate in a contest to solicit new subscriptions for the newspaper. The contest was voluntary and news carriers, such as Jose, did not have to participate as a requirement of their employment. Jose was killed while participating in the contest, allegedly as a result of the negligence of the distribution manager. The trial judge submitted two special interrogatories to the jury, one questioning whether Jose was an employee of the newspaper or an independent contractor, and the second questioning whether Jose, if an employee, was engaged in activities within the course and scope of his employment when injured. The jury found he was an employee injured in the course of his employment, and the trial court entered judgment for Knight-Ridder on the jury verdict. Thereafter, the court granted a new trial on grounds that it was error to submit the instructions on Jose's status to the jury and because, in closing arguments, counsel for the defendants argued, over plaintiff's objection, certain matters concerning workers' compensation coverage that were not properly in evidence.
The District Court of Appeal for the Third District reversed. Knight-Ridder Newspapers, Inc. v. Sosa, 407 So.2d 916 (Fla. 3d DCA 1982). The Supreme Court quashed the district court opinion and remanded to the trial court for new trial upon its holding that under the particular circumstances of that case it was error for the trial court to submit Jose's legal status as an employee to the jury rather than deciding it as a question of law. The Supreme Court stated:
The next issue concerns the trial court's conclusion that it erred in failing to interpret the employment contract for the jury. The employment status of Jose, under the circumstances of this case, was a question of law for judicial resolution. Although the district court stated that petitioner did not request an instruction concerning Jose's status at the time of the accident, the petitioner had moved for a directed verdict on the issue of Jose's status and the trial court reserved ruling and never specifically ruled on the motion. In the order granting a new trial, the trial court stated, `There was no issue ... concerning the fact that the minor plaintiff was an employee for the Miami Herald when the minor plaintiff was delivering newspapers,' but determined that it was the court's responsibility to instruct the jury concerning the contract and, in particular, to advise the jury that `at the time of the incident sued upon, the minor plaintiff was not within the sphere of the duties contained within the contract.'
The facts of how the accident occurred are not in dispute, and, therefore, the question of Jose's status at the time of the accident requires only an interpretation and application of the known facts to the law. We hold that the question was a matter of law which should have been decided by the trial judge and should not have been submitted to the jury even with the more expansive instructions suggested by the trial judge in his order granting a new trial. It was a matter of law for judicial resolution and not a matter of fact for jury determination.
435 So.2d at 826.
In the instant case, quite unlike Sosa, several material facts are very much in dispute. As pointed out in our opinion, the evidence before the trial court on the motion for summary judgment supports conflicting inferences and findings of fact that must be resolved by the appropriate trier of fact in determining the contractual scope of appellant's employment. No such conflicting inferences and disputes were present in the Sosa case. We do not believe that the Supreme Court's opinion in Sosa should be read as requiring that scope and course of employment issues be decided as a matter of law in all cases and that the trial judge, in ruling on a motion for summary judgment, depart from the traditional role and act as a fact finder by selecting one among several conflicting inferences presented by the evidence in cases to be tried by jury.
The motion for rehearing is DENIED.
ERVIN, C.J., and BOOTH, J., concur.