485 So.2d 857 (1986)
Lizzie M. JOHNS, Appellant,
v.
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. BH-285.
District Court of Appeal of Florida, First District.
March 13, 1986.
Joel S. Perwin, of Podhurst, Orseck, Parks, Josefberg, Eaton, Meadow & Olin, Miami, for appellant.
Paul M. Harden, of Smith, Davenport, Bloom & Harden, Jacksonville, for appellee.
NIMMONS, Judge.
Lizzie M. Johns, plaintiff in a negligence action against the appellee/defendant, appeals from an order of the circuit court granting summary judgment in favor of the defendant, the trial court holding that her exclusive remedy is under the Florida Workers' Compensation Law. We affirm.
On December 4, 1982, Johns arrived at the Florida State Hospital, her place of employment, 20 to 30 minutes prior to the beginning of her shift. She customarily planned her arrival at that time because of concern over possible car failure, and she wanted to be sure that she was punctual. Upon her arrival she ordinarily waited in the lobby of building # 13 until her shift began. She was required to pick up a key in that building before she could start work in building # 12.
On the morning of December 4, as Johns sat in the lobby waiting to begin her shift, she was assaulted, 20 to 30 minutes prior to the beginning of her shift, by a Hospital patient. She filed this negligence action against the State of Florida, Department of Health and Rehabilitative Services (HRS). On motion for summary judgment, the trial court ruled that appellant was within the course and scope of her employment when the assault occurred and that her exclusive remedy was that provided for under the Workers' Compensation Law.[1] This appeal followed.
*858 In Hill v. Gregg, Gibson & Gregg, Inc., 260 So.2d 193 (Fla. 1972), the Supreme Court quoted with approval the following from Fidelity & Casualty Co. of New York v. Moore, 143 Fla. 103, 196 So. 495, 496 (1940):
"`[F]or an injury to arise out of and in the course of one's employment, [1] there must be some causal connection between the injury and the employment or [2] it must have had its origin in some risk incidental to or connected with the employment or that [3] it flowed from it as a natural consequence. Another definition widely approved is that [4] the injury must occur within the period of the employment, at a place where the employee may reasonably be, and while he is reasonably fulfilling the duties of his employment or engaged in doing something incidental to it.' (Emphasis supplied.)"
260 So.2d at 195. See also Evans v. Food Fair Stores, Inc., 313 So.2d 663, 664 (Fla. 1975). Obviously, the fourth category articulated is particularly pertinent to the instant case and the following comments of Professor Larson are instructive on the question of when an incident occurring on the premises of the employer is within the course and scope of employment:
The course of employment, for employees having a fixed time and place of work, embraces a reasonable interval before and after official working hours while the employee is on the premises engaged in preparatory or incidental acts. The rule is not confined to activities that are necessary; It is sufficient if they can be said to be reasonably incident to work. What constitutes a reasonable interval depends not only on the length of time involved but also on the circumstances occasioning the interval and the nature of the employee's activity.
1A Larson, The Law of Workmen's Compensation, Section 21.6 (1985). Larson cites to awards that have been made to employees who arrived up to an hour early because of transportation requirements.[2]
In Florida, where the undisputed facts are susceptible of several inferences, one of which will support the plaintiff's theory, then the employee's status is for the trier of fact to determine. Aloff v. Neff-Harmon, Inc., 463 So.2d 291 (Fla. 1st DCA 1984). However, where there are no disputed issues of material fact, the issue of an employee's status is for the court to decide. Sosa v. Knight-Ridder Newspapers, 435 So.2d 821 (Fla. 1983). In the present case, there is no inference available from the undisputed facts which would allow the trier of fact to determine that the appellant was outside the course and scope of her employment.
The undisputed facts show that Johns customarily arrived 20 to 30 minutes early.[3] The lobby in which she was waiting was one normally used by employees.[4] She had no personal reason for being there. Her only concern was arriving at work punctually. We are of the view that this purpose was reasonably incident to her employment and that thirty minutes is not an unreasonable interval in light of the undisputed facts.
Aloff, supra, relied upon by appellant, is distinguishable. There, this court reversed a summary judgment for the employer where the employee stayed several hours after the closing of a bar where she was a waitress. She stayed to discuss primarily personal matters with her employer. In that case, this court held that the facts *859 could give rise to an inference that she was there on "purely a social undertaking." Id. at 294. It was appropriate for the jury to determine whether she was operating within the course and scope of her employment.[5] In the present case, however, as previously noted, the appellant was clearly present at the Hospital because of her employment. The undisputed facts would not permit the jury to find that appellant's injury did not arise out of and in the scope of her employment. If this were a workers' compensation proceeding and the deputy commissioner were to deny benefits by finding that the appellant was not within the course and scope of her employment, we would be compelled to reverse.
In the present case, where appellant's presence on the premises of her employer is clearly reasonably related to her employment, and where there is no evidence of any personal purpose for arriving early, a summary judgment finding her to be within the course and scope of her employment was proper.[6] The order of the trial court is therefore,
AFFIRMED.
SHIVERS and JOANOS, JJ., concur.
NOTES
[1] Section 440.49(1), Florida Statutes (1981), provides workers' compensation coverage "in respect of disability or death of an employee if the disability or death results from an injury arising out of and in the course of employment." Section 440.11(1) provides that the employer's liability for such workers' compensation "shall be exclusive and in place of all other liability of such employer ... to the employee."
[2] Larson, supra, citing to Montanaro v. Guild Metal Prods., Inc., 108 R.I. 362, 275 A.2d 634 (1971).
[3] The employer did not object to this practice. See Serean v. Kaiser Aluminum & Chem. Corp., 277 So.2d 732 (La. App. 1973) cited in Larson's, supra at Section 21.60, (holding that accident which occurred thirty minutes before work was within the course where employee customarily showed up early and employer never objected).
[4] Whether this lobby was also used by the public, as alleged by appellant, is immaterial in this case and therefore does not give rise to a disputed issue of fact.
[5] See, also, Grady v. Humana, 449 So.2d 984 (Fla. 1st DCA 1984) (holding that the jury should determine whether an employee eating lunch in a hospital cafeteria was within the course and scope of employment where factual disputes arose as to whether he was eating lunch in a place required or encouraged by his employer, whether other employees regularly ate there, and whether the employee had a choice in where to eat lunch).
[6] Perhaps it is instructive to point out, for clarification, that we do not deal in this case with the going and coming rule. "Once an employee has entered the premises, the going and coming rule is inapplicable." Doctor's Business Service v. Clark, 11 F.L.W. 366 (Fla. 1st DCA, February 6, 1986).