MILLS, Judge.
Martinez appeals from an order of the deputy commissioner finding that Martinez’s injury was not compensable by operation of the “going and coming” rule. We affirm.
At the time of the accident herein, Martinez worked for the E/C as an electrician’s helper. E/C’s office was located in Orange Park, Florida, but the actual work was performed at various external job sites. In the customary procedure for getting the E/C’s employees to the various sites, the employees would report to the Orange Park office by 7:00 A.M. every morning. The E/C would then provide transportation to the sites, and back to the office in the afternoon, in a company vehicle; the employees were “on the clock” for the time spent en route, approximately a half hour each way. However, no transportation was provided from employees’ homes to the office, no reimbursement was made for those travel expenses, and no particular route or mode of transportation was prescribed by the E/C. Neither were the employees “on call” outside of working hours.
The E/C customarily gave job assignments by posting them on a notice board at the Orange Park office. On Friday, 10 January 1986, Martinez saw that, on the following Monday, he was to report to a commercial job site which lay directly on his customary route to the office. Because it would be a shorter trip for him to go directly to that site, and because it would allow him to avoid heavy bridge traffic, Martinez sought and received permission to drive directly from his home to the site. He was clear on the point that the E/C did not ask or require him to drive himself, but *1044 that it was entirely his idea. It was while riding his motorcycle to the job site that Martinez was injured when struck by a car.
Although a notice of injury was filed, the E/C paid no medical or compensation benefits as a result of the accident. After a hearing on the issue of compensability only, the deputy found that Martinez’s claim was barred by the “going and coming” rule. He based this finding in part on the fact that the only employer-furnished transportation was between the office and the job sites, not between employees’ homes and their jobs. He found that the claim did not fall within the “employer-furnished transportation” exception to the rule, relying on the rule that “if there is nothing more in the facts than the bare availability of transportation in the employer’s conveyance, which the employee fore-goes in favor of his own transportation, compensability is denied.” He found that Martinez chose not to avail himself of the available transportation, and hence fell within this proscription on compensability.
As a general rule, injuries sustained by an employee when going to or coming from his regular place of work are not considered to have arisen out of and in the course of his employment. George v. Woodville Lumber Co., 382 So.2d 802, 803 (Fla. 1st DCA 1980). Martinez argues that he was not en route to his “regular place of work”, the Orange Park office, but rather a specially assigned job site.
“Regular place of work” is one but not the only factor governing the application of this “going and coming” rule so as to exclude coverage for injuries received off the employer’s premises, Advanced Diagnostics v. Walsh, 437 So.2d 778, 780 (Fla. 1st DCA 1983), and we do not find it dispos-itive in Martinez’s favor in this case. Application of the rule depends upon the nature and circumstances of the particular employment, Advanced Diagnostics, and in this case, the facts show that Martinez never performed work at the Orange Park office. Rather, his “regular place of work” was the construction project to which he was assigned at any particular time.
Martinez also maintains that his injury falls within the exception to the general rule for “employer furnished transportation”. The employer’s liability when an employee is injured in an accident while driving home from work or vice versa depends upon whether or not there is a contract between the employer and employee, express or implied, covering the matter of transportation to and from work. Swart-zer v. Food Fair Stores, Inc., 175 So.2d 36, 37 (Fla.1965) citing Southern States Manufacturing Co. v. Wright, 200 So. 375 (Fla. 1941). The theory behind this rule is that, once an obligation to furnish transportation is demonstrated, then the hazards of the highway are inherent in the contract of employment and claims arising therefrom are compensable. Swartzer at 37.
However, the employee only comes within the ambit of that contract when the transportation which is agreed to be furnished begins. Swartzer at 38. While an employee is being transported by the employer pursuant to the contract of employment, it cannot be questioned they have entered upon the day’s work wherein mutual duties of employer and employee are presently being performed. The pay of the employee has begun in service incident to the mutual relationship created by the contract. The hazard of the moment is directly due to the relation of employer and employee; he is at a place where he is called upon to be, where of right he may be in the performance of contractual duty. Swartzer at 38 citing Jett v. Turner, 215 Ala. 352, 110 So. 702 (1926) (emphasis supplied). Therefore, the key to compensability in employer-furnished transportation cases is whether the employee has come within the ambit of the employer’s agreement to provide transportation at the time the accident takes place.
In this case, there was no agreement by the employer to provide transportation from Martinez’s home to any work-related location. The only agreement was to provide transportation from the main office to the job site. Had Martinez presented himself at the main office by 7:00 A.M., he would have “entered upon the day’s work” and been within the ambit of the transportation agreement.
*1045 Martinez argues that the fact that he had the employer’s permission to drive himself to the job site is significant, citing Brown v. Winter Haven Citrus Growers Assn., 175 So.2d 193 (Fla.1965). In that case, the only employer-provided transportation to the work site left from an equipment barn, equivalent to the office herein. Brown did not drive from his home directly to the work site, but to the barn, at which point his work day commenced and the employer’s obligation to provide transportation began. Brown rejected that transportation and drove his own car from the barn to the work site during which journey he was injured; compensability was denied based on the lack of employer permission to use his own car.
In our view, the only implication to be drawn from Brown relevant to this case is that, if Martinez had gone to the office and entered upon the day’s work, placing himself within the contract to receive transportation, then transported himself with the employer’s permission, injuries suffered en route may have been compensable. See also Kennedy v. Fulghum, 32 So.2d 919 (Fla.1947).
However, Martinez chose to go directly from his home to the job site for reasons it is clear were directly related to his own comfort and convenience and not through any altruistic motives toward the employer, for which trip the employer never assumed any obligation. His work day did not begin until he reported to the job site, therefore it cannot be said that, by his journey, he had “begun service incident to the mutual relationship created by” any contract. Therefore, we find that he was outside the ambit of the employer’s agreement to provide transportation at the time the injury herein occurred and that his journey falls within the normal exclusionary application of the going and coming rule.
Affirmed.
WENTWORTH and BARFIELD, JJ., concur.