533 So.2d 829 (1988)
WINN DIXIE STORES, INC., and Vincent Magliulo, Appellants,
v.
Donna A. AKIN, As Personal Representative of the Estate of Scott M. Akin, Deceased, Appellee.
No. 4-86-3109.
District Court of Appeal of Florida, Fourth District.
October 19, 1988.
*830 Jonathan L. Alpert and Randall Reder of Alpert, Josey, Grilli, Paris & Hanna, P.A., Tampa, and Richard N. Blank, Fort Lauderdale, for appellants.
Jon Krupnick, Fort Lauderdale, and John Beranek of Klein & Beranek, P.A., West Palm Beach, for appellee.
Michael L. Richmond, Fort Lauderdale, for amicus curiae-Florida Defense Lawyers Assn.

ON PETITION FOR REHEARING
PER CURIAM.
The Appellant's Motion for Rehearing or Clarification is granted. Appellee's Motion to Certify and for Rehearing are denied. The opinion of March 2, 1988, is withdrawn and the following opinion substituted in its place:
The grocery store employer argues on appeal that the trial court erred, as a matter of law, when it failed to grant a directed verdict on the basis that the employee was killed within the scope of his employment. We agree and reverse.
The employee arrived at his workplace at 3:30 a.m. preparatory to a 4:00 a.m. startup time.[1] He had not "clocked in" and under company regulations was not deemed to be at work until he did so. A further regulation forbade "clocking in" in advance of actual starting time. After parking his motorcycle in the place provided on the grocery store premises, he was run over and killed by a fellow employee while the latter was maneuvering his truck for departure on company business.
The outcome here is controlled by City of St. Petersburg v. Cashman, 71 So.2d 733 (Fla. 1954), wherein our Supreme Court cited the general rule that "an injury shall be deemed to have occurred in the course of employment if it is sustained by a workman on the premises of his employer while preparing to begin the day's work or while doing other acts preparatory or incidental to the performance of his duties, which are reasonably necessary for such purpose." Id. at 734. Arriving thirty minutes early for punctuality's sake is not unreasonable. Johns v. State Department of Health and Rehabilitative Services, 485 So.2d 857 (Fla. 1st DCA), rev. denied, 492 So.2d 1333 (Fla. 1986). In the Johns case, there was no evidence of any personal reason for early arrival. There was likewise no reason to suppose a personal motive for early arrival in the case at bar. On the contrary, the evidence indicated he might have been sent on a delivery prior to 4:00 a.m., if he was available.
The employee's estate argues that the grocery store's strict rules, to the effect that an employee is not at work until he punches in, raises a jury question as to whether he was within the scope of his *831 employment when run over on the premises. However, it cites no authority for this proposition which in any event does not adequately distinguish the Cashman and Johns decisions which we deem to be controlling.
The grocery store's pleading established worker's compensation as an affirmative defense and under the facts of this case, a directed verdict should have been rendered in its favor, as well as in favor of the co-employee, Vincent Magliulo, as the claim against him rested upon simple negligence which is barred under section 440.11, Florida Statutes (1985). Iglesia v. Floran, 394 So.2d 994 (Fla. 1981).
This cause is reversed and remanded for the entry of a judgment in accordance herewith.
REVERSED AND REMANDED.
LETTS, J., and OWEN, WILLIAM C., Jr., (Retired), Associate Judge, concur.
ANSTEAD, J., concurs specially with opinion.
ANSTEAD, Judge, concurring specially.
I concur in the denial of appellee's motion for rehearing but write separately to again focus on my concern about the apparently conflicting results in the caselaw in determining whether an employee is acting within the "scope of business" for purposes of imposing liability on his employer in the vicarious liability context, versus the application of the "course of employment" standard utilized to determine the employee's entitlement to worker's compensation benefits.[2] The latter standard is also utilized to determine an employer's entitlement to use the compensation statute as a defense to an employee's tort action. Recognizing the need for further clarification of the issue raised in my original special concurrence, the Florida Defense Lawyers Association filed an amicus brief which I believe is helpful in analyzing the troublesome issue. The amicus brief initially points out that much of the confusion may have been created by the courts in their mistaken use of the terms "course of employment" and "scope of business" interchangeably in both compensation and liability situations. See Thurston v. Morrison, 141 So.2d 291 (Fla.2d DCA 1962); Nazareth v. Herndon Ambulance Service Inc., 467 So.2d 1076 (Fla. 5th DCA 1985); Freeman v. Manpower, Inc., 453 So.2d 208 (Fla. 1st DCA 1984); and Saudi Arabian Airlines Corp. v. Dunn, 438 So.2d 116 (Fla. 1st DCA 1983).
An expansive definition has been given to the phrase, "in the course and scope of employment" as used in the worker's compensation statute, because the policy goal of that statute is to provide prompt but limited compensation to a worker for her accident-related expenses and to facilitate a speedy return of that worker to her job regardless of the placement of fault for the injury. See generally A. Larson, The Law of Workmen's Compensation §§ 4.00-5.30 (1985). In exchange for the broad worker's compensation liability imposed on employers without regard to fault, an employer *832 who provides compensation benefits receives a valuable limitation of tort liability to employees injured "in the course and scope of employment."
The broad-based, no-fault liability that is imposed on an employer in a worker's compensation setting may be inappropriate, however, in analyzing an employer's vicarious liability to an injured third party for the negligent acts of an employee in the "scope of business" of the employer. This court has held that:
The conduct of a servant is within the "scope of his employment" only if it is of the kind he is employed to perform, it occurs substantially within authorized time and space limits and it is activated at least in part by a purpose to serve the master.
Whetzel v. Metropolitan Life Insurance Company, 266 So.2d 89, 91 (Fla. 4th DCA 1972). In City of Miami v. Simpson, 172 So.2d 435, 437 (Fla. 1965), the supreme court observed:
The master's liability does not arise when the servant steps aside from his employment to commit the tort or does the wrongful act to accomplish some purpose of his own. If the tort is activated by a purpose to serve the master or principal, then he is liable. Otherwise he is not.
Id. at 437.
Vicarious liability based on the agency concept of respondeat superior expands the responsibility for the risk of harm engendered by a commercial enterprise to include not only the specific tort-feasor, but also the operator of the enterprise, i.e. the tortfeasor's employer. However, the employer's liability is limited to incidents that can fairly be classified as arising from acts done within the real or apparent scope of the employer's business. Because of the different policy considerations underlying the compensation and liability issues, there may be situations where it may be proper to hold an employer liable for compensation benefits to the employee and yet not hold the employer responsible for that employee's conduct in causing injury to a third person arising out of the same situation.
There is another reason why the issue is difficult to resolve. When the compensation statute is utilized as a defense to an employee's action, the parties reverse the positions they would ordinarily take in a compensation case. The employee, in order to avoid the statutory defense, now must demonstrate that he was not acting in the course of his employment, while the employer attempts to demonstrate that the employee was acting in the course of employment and is entitled to compensation benefits instead of the greater benefits available under the tort law. In fact, when considering the worker's compensation statute as a defense for an employer, the defense issue might more appropriately be phrased as a question of whether the defendant-employer is obligated and has provided worker compensation benefits to the injured or deceased worker. While this question in turn may require the same "course of employment" analysis utilized to determine entitlement to compensation benefits, the phrasing of the question may engender less confusion in the courts.
NOTES
[1] We have not ignored the fact that the employee initially argued that he was not listed as being scheduled to work on that day. However, during the trial a list was produced stating that he was scheduled to work on that day.
[2] My original special concurrence stated:

I concur in the majority opinion because I find the legal analysis therein to be sound and the case law relied upon on point and unchallenged by the appellee in her brief. I write separately to note my concern for the chameleon-like nature of the issue of whether an employee is acting "in the course and scope of his employment" depending on the legal context that the issue is raised. For instance, the courts have generally interpreted the phrase "in the course and scope of employment" liberally in favor of an employee when the employee makes a claim for workers' compensation benefits. On the other hand, in applying the same phrase in an agency context, the courts have applied a stricter test before holding principals or employers liable for their agents' actions. In the case at hand, for instance, there is a serious question as to whether Winn Dixie would have been liable if Scott Akin had struck a third party as he arrived for work early on his motorcycle. This is true especially in view of Winn Dixie's strict and express policy on this issue.
It may well be that the different underlying public policies justify these different results, but it is important that we not appear to permit contradictory answers to what appears to be the same question. If the issue should go to the trier of fact in an agency context, why should it not be so in the case at hand where the claimant's acting in the course and scope of his employment is asserted as an affirmative defense?