FLETCHER, Judge.
Plaintiff Veronica Castillo, as personal representative of the estate of her late husband, Marcial Castillo, appeals a final summary judgment in favor of the defendants Deon Huell [“Huell”], Donald J. Guest, Sr. [“Guest”] and Adams and Beagles Roofing Co., Inc. [“the company”] in an action for negligence, gross negligence and culpable negligence. The trial court based its judgment on workers’ compensation immunity. § 440.11, Fla.Stat. (1993). We affirm.[1]
Marcial Castillo died as the result of a traffic accident involving a truck owned by the company and driven by Huell, who was assigned this task by Guest, president and owner of the company. Castillo was riding in the bed of the truck, en route with three *181 other workers from a roofing job site to the company’s office in Hialeah, when the accident occurred on the Palmetto expressway.
This ride was part of a company-established transportation system which ensured that its employees who had limited means of transportation would be able to get to the job sites. For residential jobs, the system required the roofers to arrive timely each morning at the company’s Hialeah office, from which they were transported in company trucks to the job site. At the end of the work day, the roofers were trucked back to the office. On such residential jobs, the roofers were paid on an hourly basis, beginning when they arrived at the office in the morning, ending when they were returned later to the office.
For larger commercial jobs, the company’s transportation policy did not require the roofers to use company-provided transportation and their pay did not include travel time between the job site and the office. However, the company always provided free transportation to roofers who showed up at the Hialeah office on time for an assignment.[2]
The plaintiff contends that her suit is not subject to workers’ compensation immunity, based on the “going and coming” rule; i.e., employee’s injuries sustained when going to or from work are not generally considered to have arisen out of and in the course of employment. E.g., Martinez v. A & D Elec. Contractors, 510 So.2d 1042 (Fla. 1st DCA), rev. denied, 519 So.2d 987 (Fla. 1987). Thus, plaintiff contends, such injuries are not compensable under the Workers’ Compensation Act and there is no immunity barrier to negligence actions such as hers.
The company (and Guest and Huell) respond that the “going and coming” rule is inapplicable here as Marcial Castillo was neither going to work nor coming from work, but was en route between two premises of the employer (the job site and the Hialeah office) at the time of the accident. We agree. When Marcial Castillo entered the company’s truck he did so while on the company’s “premises” (the job site) and, had the aeci-dent not occurred, he would have exited the truck on company premises in Hialeah. “Compensability is almost always awarded [pursuant to the Workers’ Compensation Act] when the injury occurs while the employee is traveling along a public road between two portions of an employer’s premises.” Dade County School Bd. v. Polite, 495 So.2d 795, 797 (Fla. 1st DCA 1986) (citing 1 Larson, Workers’ Compensation Law § 15.14(a) (1985)). We discern no reason to depart from this general rule and conclude that the plaintiffs common law action is barred by workers’ compensation immunity.
Affirmed.

. We omit the facts relating to the claims for gross and culpable negligence as they clearly are insufficient to avoid the immunity.

. With one exception. For its Fisher Island work the company did not provide truck transportation but made certain that roofers got to the job site by car pooling where necessary.