673 So.2d 938 (1996)
Iris PEREZ, Appellant,
v.
PUBLIX SUPERMARKETS, INC., a Florida Corporation, Appellee.
No. 96-3.
District Court of Appeal of Florida, Third District.
May 22, 1996.
*939 L. Barry Keyfetz, Miami, for appellant.
Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley and William M. Douberley, Miami, for appellee.
Before BARKDULL, GREEN and FLETCHER, JJ.
BARKDULL, Judge.
Iris Perez was an employee of the defendant, Publix Supermarkets. On the day in question, after she had clocked out and while on her way out of the store, she allegedly slipped on some water and was injured. As the employer, Publix provided workers' compensation benefits.
Perez brought an action for negligence against Publix. Publix moved for summary judgment on the grounds that the accident was covered by workers' compensation, which is her exclusive remedy, making Publix immune from suit. In response to this motion for summary judgment, Perez claimed that the substantial amendments to the workers' compensation act enacted by the 1993 Legislature changed the former statutory and case law which would have made her on-premises injury compensable. The trial court granted Publix's motion for summary judgment, holding that workers' compensation was Perez's exclusive remedy. We affirm.
Prior to the 1993 amendments, which became effective January 1, 1994, Perez's injury would have been compensable under the "premises rule" exception to the "coming and going rule." Section 440.09 of the Florida Statutes provided that compensation shall be payable to an employee for disability or death arising out of and in the course of employment. Under pre-1994 law, the phrase "arising out of" was not defined. However, the Florida courts held that the phrase included injuries occurring during a reasonable period of time before and after official working hours as long as the employee remained on the premises. See e.g. City of St. Petersburg v. Cashman, 71 So.2d 733 (Fla.1954); Winn-Dixie Stores, Inc. v. Akin, 533 So.2d 829 (Fla. 4th DCA 1988), rev. denied, 542 So.2d 988 (Fla.1989); Doctor's Business Service, Inc. v. Clark, 498 So.2d 659 (Fla. 1st DCA 1986), rev. denied, 506 So.2d 1041 (Fla.1987); Johns v. State, Dept. of Health and Rehabilitative Services, 485 So.2d 857 (Fla. 1st DCA 1986), rev. denied, 492 So.2d 1333 (Fla.1986). Section 440.11 of the Florida Statutes grants immunity to employers where the injury or death is covered by workers' compensation.
In 1993, the Legislature amended the workers' compensation law to require occupational causation, and provided a new section, 440.02(32) defining "arising out of." The definition provides,
"Arising out of" pertains to occupational causation. An accidental injury or death arises out of employment if work performed in the course and scope of employment is the major contributing cause of the injury or death.
§ 440.02(32) Fla.Stat. (1995). Perez contends that the amendments were intended to narrow the scope of compensable injuries by requiring occupational causation, thus allowing her to maintain a lawsuit, in tort, against her employer. Publix argues, however, that such a construction would allow employees "to bring suit against their employers for injuries they have suffered during work hours, while they are on the employers' premises, but when they are not literally working." Vigliotti v. K-Mart Corp., 21 Fla.L.Weekly D957, ___ So.2d ___ [1996 WL 106606] (Fla. 1st DCA 1996). This would broaden the potential tort liability for every employer in Florida and would contravene the legislative intent to ensure the efficient benefits provided to an injured worker by the workers' compensation laws. Vigliotti, supra. We agree with Publix and with the First District in Vigliotti, that there is nothing "in the extensive revisions to the workers' compensation law to indicate the Legislature intended to broaden tort liability of employers" as a solution to the workers' compensation crisis. Vigliotti, at 958, ___ So.2d at ___.
In addition to the determination of whether an injury was suffered in the course and scope of employment, the enactment of the new statutory definition requires a claimant to show that the employment constituted a major contributing cause of the accident or *940 injury. See Hernando County School Bd. v. Dokoupil, 667 So.2d 275 (Fla. 1st DCA 1995). Travelling to and from work is essential to the performance of an employee's duties and is reasonably necessary for that purpose.[1] Therefore, Perez suffered an injury in the course and scope of her employment with Publix when she slipped and fell on her way out of the store after the end of her shift. We find that her actions in leaving the store at the end of the day constituted a major contributing cause of the accident or injury. But for her movement, this injury would not have occurred. Accordingly, we find that Perez's exclusive remedy is through workers' compensation and affirm the trial court's order granting summary judgment in favor of the employer-defendant, Publix.
Affirmed.
NOTES
[1] City of St. Petersburg v. Cashman, 71 So.2d 733 (Fla.1954) (An injury is deemed to have occurred in the course of employment if it is sustained by a workman, on an employer's premises while preparing to begin a day's work or while doing other acts which are preparatory or incidental to performance of his duties, and which are reasonably necessary for such purpose.); Doctor's Business Service, Inc. v. Clark, 498 So.2d 659 (Fla. 1st DCA 1986), rev. denied, 506 So.2d 1041 (Fla. 1987) (The course of employment, for employees having a fixed time and place of work, embraces a reasonable interval before and after working hours while the employee is on the premises engaged in preparatory or incidental acts.); Johns v. State, Dept. of Health and Rehabilitative Services, 485 So.2d 857 (Fla. 1st DCA 1986), rev. denied, 492 So.2d 1333 (Fla.1986) (An employee going to and from work while on the premises where his work is to be performed and within a reasonable time before and after working hours is presumed to be in the course and scope of his employment.).