678 So.2d 841 (1996)
B.E.T. PLANT SERVICES, INC., a Georgia Corporation d/b/a Saf-T-Green of Miami, Appellant,
v.
Leroy DYER, Appellee.
No. 95-3111.
District Court of Appeal of Florida, Third District.
July 10, 1996.
Rehearing Denied September 18, 1996.
*842 Stephens, Lynn, Klein & McNicholas and Marlene S. Reiss and Philip D. Parrish, Miami, for appellant.
Soven & Wax and Arnold R. Ginsberg, Miami, for appellee.
Before JORGENSON, COPE and LEVY, JJ.
PER CURIAM.
B.E.T. Plant Services, Inc. appeals orders determining that it is not entitled to worker's compensation immunity as a matter of law. We reverse.
Defendant B.E.T. Plant Services, Inc. ("employer") hired plaintiff-appellee Leroy Dyer through a temporary help agency. For purposes of the worker's compensation law, B.E.T. Plant Services, Inc. is the statutory employer of plaintiff. See § 440.11(2), Fla. Stat. (1991). Plaintiff was hired to perform manual labor that was required on one of the employer's jobs at Miami International Airport.
Plaintiff reported to work at the employer's office. Plaintiff and other employees rode to the Miami International Airport work site in the foreman's personal vehicle. At the conclusion of the work day, after plaintiff had "clocked out," plaintiff boarded the rear of an employer-owned pickup truck for transportation back to the employer's office. While still at the Miami International work site, plaintiff fell from the truck and was injured.
Plaintiff brought this civil action against the employer for personal injuries. The employer asserted worker's compensation immunity. On the employer's motion for summary judgment, and the plaintiff's motion for partial summary judgment, the trial court ruled that the employer was not entitled to worker's compensation immunity.
We respectfully disagree with the trial court on this point. Because the accident occurred while plaintiff was still on the work site at Miami International Airport, we conclude that the decision in Perez v. Publix Supermarkets, Inc., 673 So.2d 938 (Fla. 3d DCA 1996), applies here. Discussing the version of the worker's compensation law which is applicable to this accident,[1] this court said that the statute "included injuries occurring during a reasonable period of time before and after official working hours as long as the employee remained on the premises." Id. at 939 (citations omitted); see also Vigliotti v. K-Mart Corporation, 679 So.2d 466 (Fla. 1st DCA 1996). Here the work site was within a security area and the accident occurred within that area after the plaintiff had "clocked out" and was in the process of leaving the work site. We conclude that the employer is entitled to worker's compensation immunity.[2] In view of this ruling, we need not consider the employer's alternative arguments for reversal based on Castillo v. Huell, 675 So.2d 180 (Fla. 3d DCA 1996); see also Kennedy v. Fulghum, 159 Fla. 896, 32 So.2d 919 (1947).
The orders under review are reversed and the cause remanded with directions to enter judgment in favor of the appellant.
Reversed and remanded.
NOTES
[1] The accident in this case occurred on October 1, 1992.
[2] Although this ruling is dispositive of the civil action, this ruling is without prejudice to plaintiff to assert a worker's compensation claim.