PER CURIAM.
Appellants unsuccessfully sought summary judgment upon the ground that workers’ compensation immunity was a bar to appel-lee’s underlying wrongful death action. Our having jurisdiction pursuant to Breakers Palm Beach, Inc. v. Gloger, 646 So.2d 237 (Fla. 4th DCA 1994), we reverse and remand with direction to enter summary final judgment for appellants.
Appellee, as personal representative of her husband’s estate, filed a wrongful death action against appellants, alleging her husband died when a swing gate pipe penetrated the windshield of his vehicle on September 15, 1994. Appellee alleged that Bechtel and In-diantown were negligent in connection with their design, construction, installation, maintenance and securing of the gate.
Bechtel was constructing a power plant for Indiantown on property owned by Indian-town. The decedent, a security employee of Bechtel, was killed at the swing gate while heading home from work after his shift on a perimeter private road buflt by Bechtel outside of the construction site fence to facilitate construction of the power plant. While Bechtel had permitted Caulkins Fruit to use it to gain access to its groves, the road had not been turned over to the county.
' [1] Critical to our decision is the uneon-tradicted deposition testimony of the representative of Bechtel that the place where the accident occurred was within the Bechtel project site; and that although it was outside the construction site fence, the area was still within Bechtel’s control. Appellee did not present the trial court with any counter-sworn testimony.
Effective January 1, 1994, the workers’ compensations laws were significantly revised. The amended statutes apply as this accident occurred in September 1994. Bechtel’s “immunity” is derived from section 440.11(1), Florida Statutes (1998), which provides that “[t]he liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability of such employer....” Bechtel persuasively relies upon Perez v. Publix Supermarkets, Inc., 673 So.2d 938 (Fla. 3d DCA 1996), which, in turn, relies upon Vigliotti v. K-marb Corp., 680 So.2d 466 (Fla. 1st DCA 1996), all of which cases were decided after the summary judgment hearing here. See also B.E.T. Plant Servs., Inc. v. Dyer, 678 So.2d 841 (Fla. 3d DCA 1996).
The “coming and going rule” provides that injuries sustained by an employee going to or coming from work are not compensable; however, under the “premises rule” exception, an injury sustained by an employee with feed hours and place of work who is injured while going to or coming from work is in the course of employment for workers’ compensation purposes if it occurred on the employer’s premises. See Security Bureau v. Alvarez, 654 So.2d 1024 (Fla. 1st DCA 1995). We conclude the perimeter road falls within the premises exception, under which the incident here is a compensable workers’ compensation claim, immunizing Bechtel from the present action.
GLICKSTEIN, WARNER and SHAHOOD, JJ., concur.