PER CURIAM.
The facts are undisputed in this workers’ compensation case. Those undisputed facts establish as a matter of law that, at the time of the accident, claimant was in the course and scope of his employment. See, e.g., Johns v. State, Dep’t of Health & Rehab. Servs., 485 So.2d 857, 858 (Fla. 1st DCA 1986) (holding that an employee injured on the employer’s premises some 20 to 30 minutes before her normal starting time was within the course and scope of her employment, quoting from 1A Arthur Larson, The Law of Workmen’s Compensation § 21.6 (1985)); Winn Dixie Stores, Inc. v. Akin, 533 So.2d 829, 830 (Fla. 4th DCA 1988) (on rehearing) (holding that an employee injured on the employer’s premises some 30 minutes before his normal starting time was within the course and scope of his employment, citing Johns with approval); Perez v. Publix Supermarkets, Inc., 673 So.2d 938, 939 (Fla. 3d DCA 1996) (holding that an employee injured on the employer’s premises after she had clocked out at the end of the day was within the course and scope of her employment, citing Johns and Akin, with approval); Lanham v. Dep’t of Envtl. Prot., 868 So.2d 561 (Fla. 1st DCA 2004) (discussing the personal comfort rule). Accordingly, we reverse the order, which reached the contrary result, and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED, with directions.
ERVIN, WOLF and WEBSTER, JJ., concur.