90 N.J. Super. 571 (1966)
218 A.2d 869
GAIL D. BINET AND BRYAN K. BINET, PETITIONERS-APPELLANTS,
v.
OCEAN GATE BOARD OF EDUCATION, RESPONDENT-APPELLEE, AND
MICHAEL G.F. BINET, BY HIS MOTHER, MRS. CHARLENE BINET ALBRECHT, NATURAL GUARDIAN AND NEXT FRIEND, PETITIONER-APPELLANT,
v.
OCEAN GATE BOARD OF EDUCATION, RESPONDENT-APPELLEE.
Superior Court of New Jersey, Appellate Division.
Argued January 3, 1966.
Decided March 29, 1966.
*572 Before Judges GAULKIN, LABRECQUE and BROWN.
Mr. Louis C. Jacobson argued the cause for appellants (Mr. F. Frederick Perone, attorney).
Mr. Robert H. Steedle, argued the cause for respondent (Messrs. Lloyd, Megargee, Steedle, Weinstein & Horn, attorneys).
PER CURIAM.
Petitioners appeal from a judgment of the Ocean County Court which reversed an award to them by the Division of Workmen's Compensation resulting from the death of Ronald J. Binet, an employee of respondent Ocean *573 Gate Board of Education, in an automobile accident on May 5, 1961.
Decedent, a principal and teacher, had attended a meeting of the school P.T.A. on the evening of the accident and had stopped off at a local tavern after the meeting en route to his home. The facts are not in substantial dispute. Each tribunal concluded that intoxication was not shown to be the sole proximate cause of the accident. Our own examination of the record satisfies us that this determination was not unwarranted. Close v. Kordulak Bros., 44 N.J. 589, 599 (1965). However, the County Court judge held that compensation should be denied because
"The P.T.A. meeting was at the school building and while it occurred after regular working hours, it did not subject the teacher to extra travel risks because his route of travel would be the same, down Route No. 9, whether at close of school or at close of the P.T.A. meeting. * * * the special service was not `out of the ordinary' nor was it `unusual' and it cannot be said that it was not contemplated under the terms of the employment although it was not compulsory."
In so holding, the court erred.
Injury is compensable where it is sustained in the performance of a special service even though such service is not "out of the ordinary," "unusual" or the source of extra risk. The fact of special service, per se, presents an exception to the "going and coming" rule:
"* * * where an employee pursues a special errand or mission, as distinguished from reporting to the regular place of his day's work, he is within the protection of the statute during the travel to and from the scene of his special errand. Hence if the point of departure or return is the employee's home, the travel is covered." Ricciardi v. Damar Products Co., 45 N.J. 54, 61 (1965).
In Bobertz v. Board of Education of Hillside Twp., 134 N.J.L. 444 (Sup. Ct. 1946), reversed on other grounds 135 N.J.L. 555 (E. & A. 1947), the court said:
"`An exception to the * * * general rule [of "going and coming"] is found in cases where it is shown that the employee, although not at his regular place of employment, even before or after customary working hours, is doing, is on his way home after performing, or on the *574 way from his home to perform, some special service or errand or the discharge of some duty incidental to the nature of his employment in the interest of, or under direction of, his employer. * * *'" (at p. 447)
In the case at bar, the County Court found that attendance at the meeting was not compulsory but it was considered by the employer to be desirable. There was no dispute that the meetings were held once a month during the school year and after the regular employment hours. We regard decedent's P.T.A. function to have amounted to a special service. The fact that its situs was the place of the ordinary day's work is not determinative. It is the judicial obligation to administer the Workmen's Compensation Act liberally. "Legislation of this type cannot be given a too restricted construction either as to hours of service or premises of the employer or course of employment." O'Brien v. First Camden Nat. Bank & Trust Co., 37 N.J. 158, 164 (1962).
We find no merit in respondent's contention of a material deviation.
For the foregoing reasons, decedent's death was compensable. The judgment of the County Court is reversed and the award of the Division of Workmen's Compensation is reinstated.