433 So.2d 1009 (1983)
Holsey GRAY, Appellant,
v.
DADE COUNTY SCHOOL BOARD and Gallagher Bassett Insurance Service, Appellees.
No. AN-215.
District Court of Appeal of Florida, First District.
June 7, 1983.
Rehearing Denied July 21, 1983.
*1010 Marvin J. Kristal of Ira J. Druckman, P.A., Miami, for appellant.
Steven Kronenberg of Adams, Kelley, Kronenberg & Rutledge, Miami, for appellees.
WIGGINTON, Judge.
Claimant appeals the order of the deputy commissioner denying compensation on the basis of the "going and coming" rule. We affirm.
Claimant has been employed by the Dade County School Board (employer) for the past twenty-seven years, and has served as chairman of the guidance department at Miami Northwestern High School for the past ten years. His administrative and supervisory duties, as chairman, are confined to and require his daily attendance at Miami Northwestern from 7:15 a.m. to 2:40 p.m.
On Friday, November 20, 1981, at 11:00 p.m., claimant was injured in an automobile accident occurring while he was en route home from the Orange Bowl, where he had been taking tickets and counting ticket money during a Miami Northwestern football game. On that day, claimant had worked his regular job, returned home at 2:40 p.m. and at 6:30 p.m. reported to the Orange Bowl, located approximately two to three miles from his home. For his work, claimant was paid $25 out of the athletic fund, plus was given a parking pass for use at the Orange Bowl during the game. Theodore Blue, the high school's business manager for athletics, testified that it was his responsibility as business manager to obtain personnel so that the football game could be run; that he preferred to use "volunteer personnel" from Miami Northwestern to perform this function, rather than hire outside help; and that claimant had always been one faculty member he could depend upon, when asked to work the games. Regarding the November 20 game, Blue had requested Gray's services several days before, as well as the day of, the game.
In response to the claim for compensation, the employer/carrier filed a notice to controvert, contending that claimant's accident did not arise out of and in the course of employment. The deputy agreed, finding no indication of a special errand under the circumstances to exempt claimant's case from the general "going and coming" rule.
As set forth by the supreme court in Eady v. Medical Personnel Pool, 377 So.2d 693 (Fla. 1979), the going and coming rule
is grounded in the recognition that injuries suffered while going to or coming *1011 from work are essentially similar to other injuries suffered off duty away from the employer's premises and, like those other injuries, are not work related. Therefore, going and coming injuries are as a rule noncompensable. But numerous exceptions allow compensation in certain circumstances ... [citations omitted].
One such exception, advanced by the claimant here, is that the going and coming rule does not apply to employees on special errands or missions for the employer. Eady; Feltner v. Southern Bell Telephone & Telegraph Co., 274 So.2d 530 (Fla. 1973); Moody v. Baxley, 158 Fla. 357, 28 So.2d 325 (1946). The special errand exception owes its validity to the principle that the journey itself is the substantial part of the service performed for the employer. 1A. Larson, The Law of Workmen's Compensation § 16.00 (1978). A basic premise of this exception is an implied agreement on the employer's part, shown by the course of business, that the going to and coming from a special errand fall within the sanctuary of compensation. Blount v. State Road Department, 87 So.2d 507 (Fla. 1956). The test, as recognized in Blount, is primarily one of fact; but as a practical matter, the irregularity or suddenness of a call from the employer will generally qualify the trip as a special errand.
In the instant case, there are no facts that would indicate that claimant's activity at the Orange Bowl was anything other than an extra job. There was no "sudden call" from his employer, nor was the activity particularly irregular, as the evidence indicated that claimant often assisted at the games and was requested to do so in advance. Nor was it an activity contemplated, impliedly or not, in the employment.[1] Finally, and most important, the relative burden of the journey was insignificant in comparison to the extent of the task claimant was to perform; that is, the two or three mile trip to the Orange Bowl was not so substantial as to be part of the service performed. Thus, there being no showing of a special errand, the circumstances of claimant's accident fall within the going and coming rule and is not compensable. The order of the deputy to that effect is AFFIRMED.
ROBERT P. SMITH, Jr., C.J., concurs.
SHIVERS, J., dissents with opinion.
SHIVERS, Judge, dissenting.
I respectfully dissent and would reverse, finding that claimant came within the going and coming rule exception relating to performance of special services or errands for his employer after regular hours. See Eady v. Medical Personnel Pool, 377 So.2d 693 (Fla. 1979). The journey was not a regular or frequent one, but occurred only when the athletic director was unable to find other assistance. The journey to and from the Orange Bowl was an integral part of the errand and was sufficiently irregular to be considered special.
NOTES
[1] This factor would serve to distinguish the case from Binet v. Ocean Gate Board of Education, 90 N.J. Super. 571, 218 A.2d 869 (N.J. Super. Ct.App.Div. 1966), and Heinz v. Concord Union School District, 117 N.H. 214, 371 A.2d 1161 (N.H. 1977), cited by claimant, in which it was shown that although not obligated to do so, teachers were expected to give fully of their services and participate to a reasonable extent in school activities.