[No. 5638–1–II.   Division Two.   July 5, 1983.]

JAMES ANTHONY LANG, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*

*Richard Gross,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Carol Newell Pidduck, Assistant,* for respondent.

REED, J.—James Lang appeals from a Superior Court order affirming a decision of the Board of Industrial Insurance Appeals that denied his claim for benefits under the Industrial Insurance Act. Lang, injured in a 1–car accident on his way home from work, argues that his injury was compensable under an exception to the general rule that denies industrial insurance coverage for injuries sustained by an employee while traveling to or from his place of employment. Finding no applicable exception, we affirm.

James Lang, a student at Olympic Junior College, was employed by the Burley–Glenwood Elementary School in Port Orchard as a part–time soccer coach. His hours of employment were 3:30 to 4:30 p.m. each school day except Fridays; additionally he was required to attend soccer games between Burley–Glenwood and neighboring schools. He received $92 per semester during the fall of 1979, an increase of $42 from the previous semester.

On December 3, 1979, Lang arrived at school at approximately 2:15 p.m. to prepare for a scheduled game at Burley–Glenwood. The game was rained out and Mr. Rubin, Lang's supervisor, told him he could either leave or remain at school to counsel his students. Lang remained until the children left on the buses. On his way home he was injured in a 1–car accident.

Washington's workers' compensation act provides coverage for those injuries incurred while acting in the course of employment. RCW 51.32.015; RCW 51.08.013. The rule in this state is that a worker, under ordinary circumstances, is not in the course of employment while going to or from the employer's place of business. *Westinghouse Elec. Corp. v. Department of Labor & Indus.*, 94 Wn.2d 875, 880, 621 P.2d 147 (1980). Several judicial exceptions to this rule have been created, and the issue on appeal is whether the facts of this case place Lang's claim within any of the recognized exceptions.

█ It is well established that if an employee is required to furnish his own car for use during his working day, the trip to and from work is also embraced within the course of his employment. 1 A. Larson, *Workmen's Compensation* § 17.50 (1982); *Smith v. Workmen's Comp. Appeals Bd.*, 69 Cal. 2d 814, 447 P.2d 365, 73 Cal. Rptr. 253 (1969). Lang argues, for the first time on appeal, that because he was occasionally expected to provide his own transportation to soccer games at other schools he should be entitled to the benefit of this exception. This argument was never presented before the Board and therefore will not be considered. RAP 2.5(a); *Davis v. Niagara Mach. Co.*, 90 Wn.2d 342, 581 P.2d 1344 (1978). In any event, on the date of Lang's injury the scheduled game was to be played at Burley–Glenwood; thus he would not have been required to furnish his own transportation on that particular working day.[1]

█ Lang was compensated on the basis of a normal workday which started at 3:30 p.m. and ended at approximately 4:30 p.m. He was injured within this compensation period and therefore argues that, simply because an injury occurs within the employee's compensable time frame, the so–called "going and coming" rule should not apply. We disagree. More is required than the mere coincidence of

---

[1]Furthermore, the record reveals that Lang sometimes traveled to the "away" games on the school buses or with other school personnel in their private autos.

injury and time. *See Boone v. Industrial Comm'n,* 12 Ariz. App. 521, 472 P.2d 490 (1970).

Lang next attempts to create an exception to the "going and coming" rule by arguing that, because he left work early at the direction of his supervisor, he somehow created a benefit to his employer and thus was injured while acting in the course of employment. This "benefit to employer" exception applies where the trip involves an incidental benefit to the employer, not common to commuting trips by ordinary members of the work force. *Hinman v. Westinghouse Elec. Co.,* 2 Cal. 3d 956, 471 P.2d 988, 88 Cal. Rptr. 188 (1970). However, the exception contemplates extraordinary transits that vary from the norm because the employer requires a special, different transit for some particular reason of its own. *Hinojosa v. Workmen's Comp. Appeals Bd.,* 8 Cal. 3d 150, 501 P.2d 1176, 104 Cal. Rptr. 456 (1972). An employer's gratuitous decision to permit an employee to leave for home early does not in any way convert his personal commuting trip into a business benefit. *Martin v. Cumberland Cy. Commissioners' Manpower Dep't,* 395 A.2d 1172 (Me. 1979).

A related exception to the "coming and going" rule relied on by Lang occurs where an employee pursues a special errand or mission, as distinguished from reporting to his regular place of work. Lang argues that, because he remained at the school 45 minutes longer than required, he was performing a special service for his employer. This argument is unpersuasive. It is true that a service for an employer may constitute a "special service," even though it is not out of the ordinary, *Binet v. Ocean Gate Bd. of Educ.,* 90 N.J. Super. 571, 218 A.2d 869 (1966). However, in order to qualify under this exception, the time and trouble of performing the special service must be so substantial that it constitutes an integral part of the service itself. *Larson §§* 16.10, 16.11; *Schreifer v. Industrial Accident Comm'n,* 61 Cal. 2d 289, 391 P.2d 832, 38 Cal. Rptr. 352 (1964). Here, the fact that Lang voluntarily worked slightly longer than was required was de minimis and did nothing

to enhance the relative importance to his employer of his journey home from work.

■ Finally, Lang asserts that his injury is compensable on the ground that he was specifically compensated for his travel time. A well established exception to the going and coming rule applies where the contract of employment directly or impliedly provides compensation to the employee for his transportation to and from work. *Aloha Lumber Corp. v. Department of Labor & Indus.*, 77 Wn.2d 763, 466 P.2d 151 (1970); *Westinghouse Elec. Corp. v. Department of Labor & Indus., supra.* Lang argues that there was insufficient evidence to support the Board's finding of no agreement, express or implied, to compensate him for his transportation. Although there was some testimony that the increase in salary *could have been* intended to cover Lang's out–of–pocket expenses, there was also evidence that the increase represented an award for excellent performance. Moreover, the employment contract does not expressly provide for travel expenses, nor is there any basis from which to infer such an agreement. Lang has not carried his burden of showing that the evidence preponderates against the Board's finding on this issue, which finding is prima facie correct. RCW 51.52.115. It will not be disturbed on appeal. *Scott Paper Co. v. Department of Labor & Indus.*, 73 Wn.2d 840, 440 P.2d 818 (1968).

We affirm.

WORSWICK, A.C.J., and PETRIE, J., concur.

Reconsideration denied July 28, 1983.