437 So.2d 778 (1983)
ADVANCED DIAGNOSTICS and State Farm Fire and Casualty Company, Appellants,
v.
Patrick WALSH, Appellee.
No. AJ-213.
District Court of Appeal of Florida, First District.
September 14, 1983.
*779 Bernard I. Probst, Walton, Lantaff, Schroeder & Carson, Miami, for appellants.
Joel V. Lumer, Miami, and Neil Chonin, P.A., Coral Gables, for appellee.
LARRY G. SMITH, Judge.
The employer/carrier appeal from a final order of the deputy commissioner finding that appellee-Walsh suffered a compensable injury. The sole issue presented on appeal is whether the deputy commissioner erred in applying the "special errand" exception to the "going and coming" rule, thus finding the accident one which occurred in the course and scope of claimant's employment. We affirm based upon the conclusion that the going and coming rule is not applicable in this case, thus making the finding of an exception to the rule unnecessary in order to justify the award. Any error in the deputy commissioner's application of the "special errand" exception is therefore harmless, and we affirm.
Walsh was employed by Advanced Diagnostic Imaging, Inc., as a sales representative. The employer was in the business of selling x-ray equipment and supplies to hospitals, physicians' offices, radiology technicians, and other medical personnel. Walsh normally worked a 9:00 o'clock to 5:00 o'clock day. However, he occasionally would take a physician or technician out to dinner if he felt it would enhance his chances of making a sale. He also was told that as a part of his duties he would be required to attend the meetings of various professional organizations in order to promote the products of the company, although as of the date of the accident he had not yet attended any such meetings because none had been held. On September 17, 1980, approximately two months after he became employed, a meeting of the Greater Miami Society of Radiologic Technologists was scheduled to be held at Victoria Hospital. At approximately 4:30 that afternoon, Walsh was told of the meeting by a superior. He was directed to go by a printing company, pick up some business cards, go home and eat dinner, then take the cards to the meeting at Victoria Hospital at 8:00 o'clock that evening for distribution. After arriving home and eating dinner, Walsh walked outside and transferred the business cards, which were in the trunk of his wife's car, into the back seat of his own car. While he was in the process of getting into his car to leave for the meeting, a motor vehicle travelling at a high rate of speed along the street went out of control, and ran up into Walsh's yard, striking and injuring him. The accident occurred approximately four to five feet from the street, and on Walsh's property.
In addition to the foregoing facts, it is pertinent to note that Walsh was paid a weekly salary of $265.00, plus a 10% commission on all sales. In addition he was given a car allowance of $150.00 per week, and was reimbursed for his travel expenses.
The facts as briefly stated above clearly show that the "going and coming" rule does not apply here (as claimant's counsel asserted at the hearing), so that it is unnecessary to find some exception to the rule in order for the accident to be considered within the course and scope of the claimant's employment. In the early case of Sweat v. Allen, 145 Fla. 733, 200 So. 348 (Fla. 1941), the court stated (Id. at 350):

*780 The authorities all seem to hold that, as a general rule, injuries sustained by employees when going to or returning from their regular place of work are not deemed to arise out of and in the course of their employment. (emphasis supplied)
It is instructive to notice the emphasis upon the words "regular place of work," which is one, but not the only, factor governing the application of the going and coming rule so as to exclude coverage for injuries received by accident occurring off the premises of the employer. As the Allen opinion points out, the criterion for application of the rule depends upon "the nature and circumstances of the particular employment," and no exact formula can be devised which will automatically solve every case. The facts here are that travel to various meetings and gatherings such as the one Walsh was headed for at the time of his accident, as well as to the offices of potential customers and institutions, was an essential part of his employment. Coverage has long been the rule in Florida under these circumstances. See, Grillo v. Gorney Beauty Shops Co., 249 So.2d 13 (Fla. 1971), and Zipperer v. Peninsular Life Insurance Company, 235 So.2d 473 (Fla. 1970), and cases and authorities therein cited. That Walsh received a weekly car allowance plus travel expenses clearly shows the inapplicability of the "going and coming rule" in this case. See Huddock v. Grant Motor Company, 228 So.2d 898 (Fla. 1969); Swartzer v. Food Fair Stores, Inc., 175 So.2d 36 (Fla. 1965). Both the holding and the discussion in our recent decision, Poinciana Village Construction Corporation v. Gallarano, 424 So.2d 822 (Fla. 1st DCA 1982), will be found helpful on this issue.
Although the deputy commissioner's order contains the conclusion that the claimant was "in the midst of a special service for his employer" at the time of the accident, and also contains a reference to Eady v. Medical Personnel Pool, 377 So.2d 693 (Fla. 1979), the leading case on the "special errand" exception, it was not necessary to apply this exception, and any error in doing so does not prevent affirmance of the award. The fact that Walsh had been specifically directed to make the particular trip he was embarking upon at the time of the injury does not alter the fact that such trips were a regular part of his employment. The remaining findings contained in the deputy commissioner's order, considered together with the uncontroverted facts as discussed above, conclusively show that the accident was one occurring in the "course and scope" of Walsh's employment.
Finally, we agree with the deputy commissioner's finding that the fact that the claimant's car was not actually in the street or moving, but stationary in his driveway at the time of the accident, does not change the result in this case. As further pointed out by the deputy, the claimant was "halfway into the car" when he was hit by the other vehicle. The risk of being struck by or otherwise injured in a motor vehicle is one that naturally accompanies one who is required to travel for the purpose of carrying on his employer's business, as the legions of cases affording coverage for automobile accidents will attest. See, e.g., Taylor v. Dixie Plywood Company of Miami, Inc., 297 So.2d 553 (Fla. 1974); Reynolds v. Ferman Oldsmobile Company, 259 So.2d 133 (Fla. 1972); Grillo v. Gorney Beauty Shops Co., supra; Zipperer v. Peninsular Life Insurance Company, supra; Krause v. West Lumber Company, 227 So.2d 486 (Fla. 1969); Bruck v. Glen Johnson, Inc., 418 So.2d 1209 (Fla. 1st DCA 1982). The deputy here apparently determined that the "outer edge of the cloak of coverage," Povia Brothers Farms v. Velez, 74 So.2d 103, 105 (Fla. 1954), fell upon the claimant from the moment he commenced his journey in behalf of his employer by stepping into his car. This ruling has not been shown to be erroneous. Cf. Povia Brothers Farms v. Velez, supra (claimant, struck while crossing highway toward truck parked on the other side and off the high-way, provided by employer to transport claimant and others to work, held covered by workers' compensation law "from the moment the claimant began to cross the highway to board the truck which had stopped for him." Id. at 105, 106). Cf. *781 Strother v. Morrisson Cafeteria, 383 So.2d 623 (Fla. 1980).
The order appealed from is AFFIRMED.
ERVIN, C.J., and MILLS, J., concur.