PER CURIAM.
Claimant appeals a deputy commissioner’s order denying him compensation benefits for the death of his father, an employee of Cherry Farms, Inc., upon finding that such death occurred outside the scope of his father’s employment. We affirm.
On July 6, 1982, claimant’s father was killed in an automobile accident and claimant sought workers’ compensation death benefits alleging that the accident occurred while his father was transporting himself and his crew to work as required by the terms of his employment contract. Contrary to claimant’s assertion, the deputy found that the record more reasonably indicated that his father was not traveling to work when the accident occurred. The deputy pointed out, however, that even if the deceased wás going to work at the time of his accident, the “going and coming rule” would preclude the award of compensation benefits. According to that rule, an employee going to or coming from work is considered outside the scope of his employment unless he is compensated for his travel expenses, is performing a special errand for his employer, has his destination, route and mode of transportation controlled by the employer, or is required by the terms of his employment contract to provide transportation to other employees. George v. Woodville Lumber Company, 382 So.2d 802 (Fla. 1st DCA 1980). The deputy found that none of these exceptions to the going and coming rule were supported by the record; therefore, even if the deceased was traveling to work at the time of his accident, his death was non-compensable.
Upon a complete review of the record, we find that the deputy’s order is supported by competent, substantial evidence.
AFFIRMED.
SMITH, WENTWORTH and BAR-FIELD, JJ., concur.