495 So.2d 795 (1986)
DADE COUNTY SCHOOL BOARD and Gallagher Bassett Insurance Service, Appellants,
v.
Cheryl POLITE, Appellee.
No. BJ-364.
District Court of Appeal of Florida, First District.
September 18, 1986.
*796 Jeffrey S. Breslow of Adams, Kelley & Kronenberg, Miami, for appellants.
Pamela Fleischmann, South Miami, and Joseph C. Segor, Miami, for appellee.
MILLS, Judge.
The Dade County School Board and Gallagher Bassett Insurance Service (E/C) appeal from an order of the deputy commissioner (D/C) finding that Polite's injuries were compensable in that they arose out of and in the course of her employment. We affirm.
Polite is employed by the E/C as a physical education teacher. At the time of the accident herein, Polite taught physical education at North Glade Elementary School in the morning and at Lake Stevens Elementary School in the afternoon, five days a week. Her workday officially ended each day at 3:05 P.M., but participation by teachers in after-school student activities, while not required as a condition of employment, was officially encouraged and reflected in a positive fashion on teacher evaluations. Throughout her employment with E/C, Polite had consistently participated in such activities in the physical education area with the E/C's knowledge and approval.
On the day of the accident, a track meet involving students from Polite's morning school, North Glade, was to be held after school hours at Skylake Elementary School. At that time of the day, Polite's teaching schedule required her to be at Lake Stevens. On this particular day, the students were released from school at 1:45 P.M., but Polite was required to remain until 3:05 P.M. as noted above. Polite therefore requested permission from the Lake Stevens principal to leave earlier than 3:05, which was granted. Before leaving, Polite collected some of Lake Stevens' track equipment which she knew might be needed at the meet. Because the equipment would be needed by Lake Stevens instructors the next morning, Polite planned to return the equipment immediately following the Skylake meet.
Polite proceeded to the meet and assisted at the starting line and with other duties. She left Skylake a few minutes before 4:00 P.M., using the only road leading away from the school, en route to return the track equipment to Lake Stevens. While on this road, Polite's automobile was struck from the rear by a hit-and-run driver, causing injuries to her back, foot, right knee and right hand. The E/C controverted her claim for medical expenses, relying on the "going and coming" rule; at the subsequent hearing, the E/C argued in the alternative that Polite's attendance at the meet was not in the course of her employment as there was no requirement that she attend.
*797 The D/C entered an order finding Polite's injuries compensable, holding first that, although Polite was not required to attend the meet nor paid therefor, such after-hours teacher participation was expected and considered in performance evaluations. He further held that she was not precluded from benefits by the "going and coming" rule, in that she had not been en route to her home but to Lake Stevens to return the track equipment. He therefore found the injuries to have arisen out of and in the course of Polite's employment and awarded the medical benefits sought.
We agree that Polite's attendance at the track meet was "in the course of" her employment as a physical education teacher. There was competent, substantial evidence showing that the E/C encouraged and rewarded by way of positive performance evaluations teacher participation in after-school student activities. Further, Polite did not merely elect to attend an after-school activity unrelated to her field of expertise or involving students whom she did not teach. She was a physical education teacher attending and assisting at a track meet involving students whom she coached during the official workday. In fact, there is evidence from which it could be reasonably inferred that Polite arrived and assisted at the meet at least partially during her regular working hours, since she sought and obtained official permission to leave her afternoon assignment early in order to attend.
The D/C also correctly determined that Polite was not precluded from receiving worker's compensation benefits by the "going and coming" rule. That rule states that an employee going to or coming from work is normally considered outside the scope of his employment. Stacy v. Cherry Farms, Inc., 449 So.2d 393 (Fla. 1st DCA 1984). Injuries occurring at such times are viewed as similar to other injuries suffered off-duty away from the employer's premises and, like them, are not work-related. Gray v. Dade Co. School Board, 433 So.2d 1009, 1010-11 (Fla. 1st DCA 1983). Applicability of the rule depends upon the nature and circumstances of the particular employment and "no exact formula can be laid down which will automatically solve every case." Sweat v. Allen, 200 So. 348, 350 (Fla. 1941), accord Advanced Diagnostics v. Walsh, 437 So.2d 778, 780 (Fla. 1st DCA 1983).
In this case, the D/C found, and there is competent, substantial evidence in the record to show, that at the time of the accident, Polite was not "off-duty away from the employer's premises" at the time of the accident but en route between premises to perform her final duty of the day. Compensability is almost always awarded when the injury occurs while the employee is traveling along a public road between two portions of the employer's premises. Larson, Worker's Compensation Law § 15.14(a) (1985). Further, because Polite's duties required her to be at different schools within the E/C's system during the workday, not only was each school her workplace while she was there, but travel between such workplaces "was an essential part of her employment." Advanced Diagnostics at 780.
Affirmed.
BOOTH, C.J., and WENTWORTH, J., concur.