WENTWORTH, Judge.
Appellants, the employer/carrier, seek review of a workers’ compensation order by which appellee’s accident was determined to be compensable. Appellants contend the deputy commissioner erred in concluding the accident was compensable as an exception to the going and coming rule, arguing that because appellee was injured while on a purely personal mission, his accident was a noncompensable deviation from work. We find that on the day of his injury appellee was at work only because of a special request of his employer, and his temporary absence for a portion of that day for a doctor’s appointment was a specifically agreed interruption in the work day. We conclude that appellee’s accident, which occurred as he returned to work from the appointment, was governed by the special errand exception to the going and coming rule. We therefore affirm.
Appellee was employed ten years as a pressman and finishing foreman for appellant New Dade Apparel, Inc., normally working from 6:30 a.m. to 4 p.m. on weekdays, and from 6:30 a.m. to noon on Saturdays. New Dade paid appellee a weekly salary rather than an hourly wage, and furnished him with a company owned and maintained automobile as well as a company gas credit card. Appellee and his wife planned a vacation from Saturday, March 31, 1984 through Saturday, April 7, 1984, but appellee’s supervisor asked him to return early from his vacation to attend to factory business. Appellee returned to work Saturday, April 7, 1984, at 6:30 a.m., stayed until 8 a.m., and then with acquiescence of his supervisor left work for the previously scheduled doctor’s appointment, agreeing to return to work following the appointment. The appointment was for a routine checkup relating to appellee’s diabetic condition. On his return to work, appellee was struck by a rock thrown through his car window by a pedestrian. Appellee lost consciousness, the automobile crashed and he was then beaten and robbed. He suffered a cerebral contusion, fracture of the temporal bone, trauma to his right eye, and diffuse cerebral disease. Appellee’s treating physician stated that appellee would not be employable in the foreseeable future, and expressed doubt that appellee would ever be able to work again as a result of these injuries.
Appellee filed a claim for temporary total disability benefits, medical benefits, and attorney’s fees and costs. Appellants controverted the claim on grounds that the accident did not arise out of or in the course of employment. The deputy commissioner found the accident was compensable under the employer-furnished transportation exception to the going and coming rule because appellee was returning to work at the time of his injury in a car furnished by the employer. The deputy commissioner also based his finding of compensability upon the employer’s acquiescence in appel-lee’s personal errand.
As a general rule, injuries sustained by an employee when en route to or from his regular place of employment are non-compensable, as they are not considered to have arisen out of or in the course of employment. George v. Woodville Lumber Co., 382 So.2d 802 (Fla. 1st DCA 1980). However, the going and coming rule does not apply when an employee is responding to an employer’s request that the employee perform a special errand or mission. Eady v. Medical Personnel Pool, 377 So.2d 693 (Fla.1979). The special errand rule has been stated as follows:
When an employee, having identifiable time and space limits on his employment, makes an off premises journey which would normally not be covered under the usual going and coming rule, the journey may be brought within the course of employment by the fact that the trouble and time of making the journey, or the special inconvenience, hazard, or urgency of making it in the particular circumstances, is itself sufficiently substantial *1018 to be viewed as an integral part of the service itself.
Larson, Workers’ Compensation Law, s. 16.11 (1985). In determining whether the special errand rule applies, courts have found that irregularity and suddenness of the employer’s request are essential elements. Susan Loverings Figure Salon v. McRorie, 498 So.2d 1033 (Fla. 1st DCA 1986); Eady, supra.
In this case, although appellee normally worked Saturday mornings, he was not scheduled to do so on the day in question but returned early from vacation to work at the special request of his employer. Absent his employer’s request, appel-lee would not have begun work until the following Monday. Appellee’s travel to and from his place of employment on that day was therefore covered by the special errand rule.
Appellee had scheduled the doctor’s appointment for his anticipated vacation day. His absence during the specially assigned work day due to the appointment was a specifically agreed interruption, in that the record reflects that the employer expressly acquiesced to appellee keeping the appointment as a condition of his completion of the special work day. While personal travel interruptions during an assigned period of work may not ordinarily be covered by the special errand status of the work period, the interruption in this case was agreed between the parties, thus effectively changing the day’s special assignment into two periods which would each qualify for the special errand exception to the going and coming rule, supra. Under these circumstances, we conclude that appellee’s accident is compensable.
The order is affirmed.
MILLS and BARFIELD, JJ., concur.