BOWES, Judge.
Defendant Louisiana Farm Bureau Casualty Insurance Company (Farm Bureau) appeals a judgment in favor of third party defendant Kelly Services, Inc. (hereinafter Kelly), dismissing the third party demand. We affirm.
On December 13, 1983, Becky Ellis was an employee of Kelly Services when she was involved in a rear-end collision with plaintiffs. Plaintiffs sued Mrs. Ellis, her insurer State Farm Mutual Automobile Insurance Company (State Farm), Kelly, and Farm Bureau, the plaintiffs’ U.M. carrier. Farm Bureau answered and filed a third party demand against Mrs. Ellis, State Farm, and Kelly. All claims were settled against all parties prior to trial, except for the third party demand of Farm Bureau. The question to be determined was whether or not Mrs. Ellis was acting within the course and scope of her employment at the time of the accident so as to render Kelly vicariously liable for the damages paid by Farm Bureau to the plaintiffs. The issue was submitted on the deposition of Becky Ellis and the memoranda of counsel. On March 19, 1987, the trial court found that Mrs. Ellis was not within the course and scope of her employment with Kelly at the time of the accident, and Farm Bureau’s third party action was consequently dismissed. Farm Bureau has appealed, alleging that the trial court erred in its determination as to Mrs. Ellis’ employment status.
In his brief, appellant states:
Under Louisiana law, where the issue presented to the appellate court is one of sufficiency or preponderance of testimony rather than the credibility of witnesses, the rule that the judgment of the trial court on questions of fact will not be disturbed unless manifestly erroneous, is not applicable, in view of the fact that the trial court has no advantage over the appellate court in weighing the testimony and giving it proper effect, citing Succession of Fields, [222 La. 310] 62 So.2d 495 (La.1952).
This is no longer a correct statement of the law according to Virgil v. American Guar. & Liability Ins., 507 So.2d 825 (La. 1987). In Virgil, as in the case before us, the trial court did not consider the testimony of witnesses, but rather considered written evidence (there, written reports, records, and depositions). The Supreme Court held on appeal that the manifest error standard of review was applicable when, or even though, the evidence before the trier of fact consists solely of such written reports, records, and depositions. Accordingly, we will employ this standard in reviewing this case.
According to Mrs. Ellis’ deposition, which was the only testimony submitted for trial, at the time of the accident she was a personnel supervisor with Kelly. She made appointments, tested applicants, took orders (for temporary positions to be filled), and filled them. The only thing for which she was not responsible was “outside sales.” Her job was in the office; she was not required to travel, at that point in her employment, as part of her job. She had neither a company car, nor gas nor mileage allowance, nor expense account. She was not reimbursed for the use of her personal car when “doing office business,” and the use of an automobile was neither essential nor a requirement for her job.
Occasionally, Mrs. Ellis would take a list of prospective applicants home with her to “fill an order” from her home. She said: “It was a common practice. A one-girl office always has homework.” On December 13, she answered the telephone after 5:00 p.m. (the hour at which the office closed) and took an order for a position which had to be filled by 7:30 a.m. on the following morning. Her child was in nursery school and had to be picked up by 5:30 p.m. She compiled a list of persons qualified to fill the position and left. She was on her way home, from whence she intended to telephone those persons and fill the request. On the way home, she had passed through the Harvey Tunnel once, when, at Barataría Boulevard, she remembered that she forgot to bring the list with her. She made a U-turn in order to return to the office to retrieve the list. Reapproaching the tunnel, she collided with the rear-end of plaintiffs’ vehicle.
When questioned as to whether her supervisor knew that she occasionally filled *253 orders from her home, Mrs. Ellis responded:
Yes, she did too if she was the last one leaving the office and she took an order. It was a matter of staying after 5:00 if you have something to do at home. I had a child I had to pick up at the nursery.
She also testified in another place in her deposition that:
“And I got this last minute order. Of course, like I said, I was on my way home. It was one of those nights. I had something I needed to get home to do.”
Under Louisiana Civil Code Article 2320:
Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.
In what has sometimes been referred to as the “going-and-coming rule,” an employee is generally outside the course of employment until he reaches the employer’s premises. Michaleski v. Western Preferred Cos. Co., 472 So.2d 18 (La.1985). Exceptions to the general rule have been held to exist in the following instances: (1) when an employer pays travel expenses (such can place an employee in employment status during the travel period); (2) when transportation is furnished as an incident of employment, either through a vehicle, a conveyance and driver, or payment of expenses. Michaleski, supra; (3) when an employer pays expenses and the trip in question is employment connected, an employee is in the course and scope of employment while away from his workplace. Austen v. Sherwood, 446 So.2d 274 (La. 1984); (4) an employee is within the course and scope of employment while on a job-connected mission which the employer had reason to expect would be performed. Stephens v. Justiss-Mears Oil Co., 312 So.2d 293 (La.1975); Michaleski, supra; (5) when, at the time of the accident, the employee is on a mission contemplated by the employer and employee, as well, for which the employee is to be compensated, the employee is considered to be within the scope of employment. Michaleski, supra.
In Reed v. House of Decor, Inc., 468 So.2d 1159 (La.1985), our Supreme Court stated the rule as follows:
Among the factors to be weighed in determining an employer’s responsibility for the tort of an employee are: “the time, place and purpose of the act in relation to service of the employer, the relationship between the employee’s act and the employer’s business ... and the reasonable expectation of the employer that the employee would perform the act.
The Supreme Court has also adopted another test concerning the subject under inquiry before us here:
More specifically, the inquiry is whether the employee’s tortious conduct “was so closely connected in time, place and causation to his employment duties as to be regarded a risk of harm fairly attributable to the employer’s business, as compared with conduct motivated by purely personal considerations entirely extraneous to the employer’s interests. LeBrane v. Lewis, 292 So.2d 216, 218 (La.1974); Daniels v. Conn, 382 So.2d 945 (La.1980).
Appellant relies on Lamkin v. Brooks, 498 So.2d 1068 (La.1986), in which a police officer committed battery upon plaintiff, and was found to be in the course and scope of his employment, citing LeBrane v. Lewis, supra. Lamkin does not appear to change the law; also, it deals with a factually distinct situation — it does not appear to involve the “going-and-coming” situation, since at all pertinent times Officer Brooks was on patrol and on duty as a policeman. We do not read Lamkin as significantly altering prior law on the “employment-rooted” issue.
When we consider the facts of this case in the light of the above-quoted, well-settled, jurisprudence, we conclude that Mrs. Ellis, at the time of the accident, was not in the course and scope of her employment for Kelly. Mrs. Ellis was driving her personal car and there were no expense accounts or reimbursements by the employer available to or due her. Her job was capable of being carried out completely at her office and normally was done so. The task that she decided to do at home, after five *254 o’clock, was for her own convenience and at her choosing (she had to pick up her child and get home). The only reason that she was driving at all at the time was to go home, as usual; en route there, she remembered she had forgotten the list she wished to work on at home, so she returned to the office to obtain it, again for her own personal convenience. Her traveling at the time was no more employment-connected than at any other time when she was on her way to work or going home. The fact that Kelly might benefit eventually by the work she planned to do at home was purely incidental to and not connected with her traveling. Her trip at the time was not contemplated by Kelly and the accident cannot be regarded as a risk of harm fairly attributable to Kelly’s business.
We hold, therefore, that the conduct of the employee here, at the time of the accident, fails to fall into the requirements of the law set forth above for being “in the course and scope of her employment.” Neither does it qualify as such under any of the exceptions to the law that we have named.
Accordingly, we find the trial judge was eminently correct and committed no manifest error in granting judgment in favor of the third party defendant, Kelly, and against the third party plaintiff, Farm Bureau. Therefore, we affirm.
AFFIRMED.