LEVY, Judge.
The corporate defendant [Defendant] owns two stores in South Florida, one in the north and one in the south. On his day off, one of Defendant’s employees, who works in the south store, drove to the north store and had an accident prior to his arrival there. The employee/driver testified, in a deposition, that he was going to the north store to socialize with some of the people who worked there. The employee/driver further testified, in a different deposition, that it was also his intention to check on something related to company business while he was at the north store (still on his day off).
Plaintiff, who was involved in the accident with employee/driver, not only sued the employee/driver, but also sued Defendant under the theory that Defendant was vicariously liable under the “special errand” exception[1] to the “coming and going” rule.[2] The trial court granted a summary judgment in favor of Defendant.
The record contains nothing to suggest that the employer either sent the employee/driver on any “special errand” or, for that matter, that Defendant even knew that the employee/driver was going to go to the north store on that date. If we were *1125 to accept appellant’s contentions, we would be required to hold that Defendant’s liability depended on the private thoughts of the employee/driver. According to appellant’s theory, Defendant would be liable for an accident that might occur on a strip of the roadway being driven by the employee/driver while he was thinking of discussing business upon his arrival at the north store. On the other hand, according to appellant’s position, Defendant would not be liable if the accident occurred on a portion of the employee/driver’s travels taking place during a point of time when the employee/driver might have changed his mind, thereby deciding only to socialize with his friends at the north store (to the exclusion of having any thoughts of discussing business with them). Clearly, neither the law nor common sense would allow the question of Defendant’s liability to depend on the fluctuating subjective and personal thoughts of the employee/driver over whom Defendant has no control during the course of his travels on his day off.
It appears that the trial court was eminently correct in granting Defendant’s motion for summary judgment. Accordingly, the judgment is affirmed.
Affirmed.

. Plaintiff claims that, while the employee/driver may not have been on his regular work shift, his trip to his employer's north store was nonetheless undertaken in connection with the discharge of duties of his employment and served his employer’s interests, so that the trip was within the scope of his employment. See Spartan Food Systems & Subsidiaries v. Hopkins, 525 So.2d 987 (Fla. 1st DCA 1988).

. Under that rule, Defendant would not be liable for the employee/driver's acts because going to or coming from work is not generally within the scope of employment. See New Dade Apparel, Inc. v. De Lorenzo, 512 So.2d 1016 (Fla. 1st DCA 1987).